UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KENNETH CARROLL, et al.,

                Plaintiffs,

         -against-                             05 Civ. 391 (LAK)

LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.,
et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

         Plaintiffs filed the instant action against plaintiffs' former lawyers, accountants, and financial advisors to recover losses allegedly incurred as a result of plaintiffs' investment in an invalid investment and tax strategy. Defendant Graf Repetti & Co., LLP ("Repetti") filed cross-claims for contribution and indemnification against its co-defendants.

         The Court stayed this action pending the arbitration of plaintiffs' claims against certain defendants and others.[1] While the arbitration was pending, plaintiffs reached settlement agreements with five groups of defendants/intervenors ("the settling defendants"): (1) defendants LeBoeuf, Lamb, Greene & MacRae, LLP and Graham Taylor (collectively, "LeBoeuf"); (2) defendants Sidley Austin Brown & Wood LLP, SABW Holding LLP, R.J. Ruble, and Family Investment Statutory Trust (collectively, "Sidley"); (3) defendant HarrismyCFO, Inc. ("HMC"); (4) defendant Grant Thornton LLP ("Grant Thornton"); and (5) intervenors STARS Holding Co. and STARS Service Co. (collectively, "STARS"). Before the Court are four motions seeking entry of a bar order.[2]

---

[1]     All but three of the defendants – Jay A. Brichke, CPA, LLC, Jay A. Brichke (collectively, "Brichke") and Repetti – participated in the arbitration. STARS Holding Co. and STARS Service Co. – intervenors in this case – also participated in the arbitration.

[2]     DI 175 (motion of plaintiffs and HMC); DI 193 (motion Sidley); DI 205 (motion of Grant Thornton); DI 209 (motion of plaintiffs and STARS).

*Facts*

*The Agreements & Subsequent Motions*

Sidley.  Plaintiffs and Sidley reached a settlement agreement on July 26, 2007.  The agreement provided, *inter alia*, that (1) Sidley would pay the plaintiffs some amount within five business days of the execution of the agreement and (2) the plaintiffs would dismiss this action within three business days of receiving Sidley's payment.  On August 3, 2007, plaintiffs notified the court that they "voluntarily dismiss all claims asserted herein against [Sidley] pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, with prejudice."[3]  On February 15, 2008, Sidley moved for "Judgment and Bar Order."[4]

Grant Thornton.  Plaintiffs and Grant Thornton reached a settlement agreement on August 8, 2007.  The agreement provided, *inter alia*, that (1) Grant Thornton would pay the plaintiffs some amount, (2) the plaintiffs released Grant Thornton from any and all claims, and (3) the plaintiffs would dismiss with prejudice the pending arbitration demand.  On August 16, 2007, plaintiffs and Grant Thornton stipulated and agreed that the action filed in this court was dismissed with prejudice as to Grant Thornton.[5]  On February 22, 2008, Grant Thornton moved for "Judgment and Bar Order."[6]

LeBoeuf.  Plaintiffs and LeBoeuf reached a settlement agreement  on August 22, 2007.  The agreement provided, *inter alia*, that "[u]pon the federal court's entry of a final court order and judgment . . . and dismissing the federal action as to LeBoeuf with prejudice, [plaintiffs] shall notify [the arbitration panel] of the dismissal with prejudice of the Actions as to LeBoeuf.  If the motion for bar order is denied by the court . . ., this Agreement shall be null and void."  On September 10, 2007, LeBoeuf, joined by plaintiffs, moved for "Entry of Final Judgment and Bar Order."[7]  Having received no objections to the proposed order, the Court entered the "Bar Order" on October 16, 2007.[8]

---

[3]

DI 165.

[4]

DI 193.

[5]

DI 166.  The Court "So Ordered" this stipulation on August 31, 2007.

[6]

DI 205.

[7]

DI 167.

[8]

DI 172.

HMC.  Plaintiffs and HMC reached a settlement agreement  on November 13, 2007.
The agreement provided, *inter alia*, that "[w]ithin five (5) business days of the federal court's entry
of a final court order and judgment in the Action . . ., the [plaintiffs] shall notify [the arbitration
panel] of the dismissal with prejudice of the . . . Arbitration as to [HMC].  If the motion for bar order
is denied by the court . . ., this Agreement shall be null and void."  On January 16, 2008, HMC,
joined by plaintiffs, moved for "Entry of Bar Order and Final Judgment."[9]

STARS.  Plaintiffs and STARS reached a settlement agreement on December 17,
2007.  The agreement provided, *inter alia*, that "[w]ithin five days of: (1) the federal court's entry
of an order permitting [STARS's] intervention in the Action and (2) a final court order and judgment
. . . barring all claims for contribution and indemnity and dismissing the federal action as to
[STARS] with prejudice, the [plaintiffs] shall notify [the arbitration panel] of the dismissal with
prejudice of the [arbitration] as to [STARS].  If either the motion for intervention and/or bar order
are denied by the court . . ., this Agreement shall be null and void."  On January 24, 2008, the Court
"So Ordered" a stipulation allowing STARS " to intervene and appear in this Action for the limited
purpose of moving the court for a Bar Order and Final Judgment."[10]  On February 21, 2008, STARS,
joined by plaintiffs, moved for "Entry of Final Judgment and Bar Order."[11]

*The Proposed Bar Orders*

The substantive terms of the four proposed bar orders are similar to each other and
to the bar order entered by the Court as to defendant LeBoeuf.  Each would: (1) bar claims for
contribution or indemnification (and other claims that seek the same substantive relief) against the
settling defendant by the non-settling defendants or others who are or may be liable to plaintiffs, (2)
reciprocally bar any such claims by the settling defendant against the non-settling defendants, and
(3) reduce a non-settling defendant's liability for any judgment rendered against them by the greater
of (a) the settlement amount paid by the settling defendant or (b) the amount corresponding to the
percentage of responsibility for plaintiffs' injuries that the trier of fact determines is attributable to
the settling defendant.

Defendants Brichke and Repetti object to the proposed bar orders.  They complain
that (1) the proposed bar orders are overbroad to the extent they would bar indemnification claims,
(2) the moving parties have not shown that the proposed settlements are fair and equitable and were
negotiated in good faith, and (3) they cannot ascertain their percentage of responsibility for plaintiffs'

---

[9] DI 167.

[10] DI 179.

[11] DI 209.

alleged damages.

<em>Discussion</em>

As an initial matter, the Court is not persuaded by the moving parties' argument that the PSLRA mandates entry of the proposed bar orders. Under the PSLRA, "[a] covered person who settles any private action . . . shall be discharged from all claims for contribution brought by other persons" and any judgment entered against a non-settling defendant "shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of that covered person; or (ii) the amount paid to the plaintiff by that covered person."[12] The PSLRA requires the court, upon entry of a settlement, the court to enter an order "bar[ring] all future claims for contribution arising out of the action" by or against the settling covered person.[13] By its terms, these provisions apply when "covered person . . . settles any private action," and a "covered person" is "a defendant in any private action arising under this chapter."[14] The action before this Court does not arise under the PSLRA. The settling defendants therefore are not covered persons, and the mandatory bar order provisions of the PSLRA are inapplicable.

A district court has discretion to approve settlement and enter bar orders in non-PSLRA cases.[15] "'[A] district court may properly bar claims of non-settling defendants against settling defendants for contribution and indemnity' . . . if [the bar order] ensure[s] fairness to non-settling defendants."[16]

---

[12]     15 U.S.C. § 78u-4(f)(7).

[13]     *Id.*

[14]     15 U.S.C. § 78u-4(f)(10)(C).

[15]     *See, e.g.*, *Allstate Ins. Co. v. Halima*, No. 06 Civ. 1316 (DLI), 2008 WL 2673333, at *1 (E.D.N.Y. June 26, 2008); *Sherleigh Assoc. Inc. v. Patron Systems, Inc.*, No. 04 Civ. 907 (JFK), 2005 WL 1902844 (S.D.N.Y. Aug. 9, 2005); *Local 875 I.B.T. Pension Fund v. Pollack*, 49 F.Supp.2d 130, 133 n.2 (E.D.N.Y. 1999); *FDIC v. Bober*, Nos. 95 Civ. 9529, 96 Civ. 103, 98 Civ. 6083 (JSM), 1999 WL 440779 (S.D.N.Y. June 29, 1999); *Resolution Trust Corp. v. Young*, 925 F.Supp. 164 (S.D.N.Y. 1996); *FDIC v. Abel*, No. 92 Civ. 9175 (JFK), 1995 WL 716729 (S.D.N.Y. Dec. 6, 1995); *Morin v. Trupin*, Nos. 88 Civ. 5743, 90 Civ. 3475 (RWS), 1993 WL 248802 (S.D.N.Y. June 29, 1993).

[16]     *Allstate Ins. Co.*, 2008 WL 2673333, at *1 (quoting *Denney v. Deutsche Bank A.G.*, 443 F.3d 253, 273 (2d Cir. 2006) and citing *Gerber v. MTC Elec. Techs. Co.*, 329 F.3d 297, 305 (2d Cir. 2003)); *see also In re Parmalat Sec. Litig.*, No. 04 MD 1653 (LAK)(DLC), 2007 WL 541466, at *10 (S.D.N.Y. Feb. 22, 2007) (citing *In re WorldCom, Inc. ERISA Litig.*, 339

In this case, the proposed judgment reduction provisions are sufficient to ensure fairness to the non-settling defendants. "[W]hen the judgment credit is 'at least the settling defendants' proven share of liability,' a court is assured that a proposed bar order is fair and that the non-settling defendants are adequately protected."[17] Furthermore, the proposed bar orders do not extinguish independent claims – viz. "claims for which damages sought do not consist of 'the non-settling defendant's liability to the plaintiff.'"[18]

Brichke and Repetti contend that the proposed bar orders extinguish impermissibly their claims for indemnification against the settling defendants. As an initial matter, Brichke and Repetti appear to have no viable indemnification claims against the settling defendants.[19] Under both New Jersey and New York law, "a claim for indemnification arises only under an express contract of indemnification, or where one defendant is held vicariously liable for the negligence of another."[20] Brichke and Repetti do not claim to have an express contract of indemnification with any of the settling defendants and the complaint does not seek to hold Brichke and Repetti vicariously liable for the acts of the settling defendants. In these circumstances, where "no viable indemnification claim is possible, a court may issue an order barring such an indemnification claim."[21] In any case, to the extent either Brichke or Repetti has a viable indemnification claim based on its vicarious liability for a settling defendant's conduct, that claim is adequately compensated by the judgment reduction credit.

---

F.Supp.2d 561, 568 (S.D.N.Y. 2004)).

[17]

*In re Parmalat Sec. Litig.*, 2007 WL 541466, at *11 (quoting *Gerber*, 329 F.3d at 303); *also Allstate Ins. Co.*, 2008 WL 2673333, at *1.

[18]

*Allstate Ins. Co.*, 2008 WL 2673333, at *2 (quoting *Gerber*, 329 F.3d at 306).

[19]

There is some disagreement over whether New York of New Jersey law governs indemnification claims. Although Brichke and Repetti argue that New Jersey law should apply, they address only New York law of indemnification. But the Court need not resolve this dispute because New York and New Jersey law of indemnification are the same for all purposes relevant to these motions.

[20]

*Resolution Trust Corp.*, 925 F.Supp. 164 (applying New York law); *see Ferriola v. Stanley Fastening Systems, L.P.*, No. 04 Civ. 4043 (JEI), 2007 WL 2261564, at *2 (D.N.J. Aug. 1, 2007) (applying New Jersey law); *New Jersey Office Supply, Inc. v. Feldman*, No. 89-3990, 1990 WL 74477, at *4 (D.N.J. June 4, 1990) (citing *Ramos v. Browning Ferris Industries*, 103 N.J. 177, 190-91 (1986)) (same).

[21]

*Sherleigh Assoc. Inc. v. Patron Systems, Inc.*, No. 04 Civ. 907 (JFK), 2005 WL 1902844, at *3 (S.D.N.Y. Aug. 9, 2005).

Brichke's and Repetti's remaining objections regard the fairness and good faith of the settlement proceedings. The Court need not inquire into the fairness and good faith of the settlement because the judgment reduction formula protects the non-settling defendants against collusive or unfair settlement.[22] Nor is the Court persuaded that the settlement is unfair because Brichke and Repetti do not know, at this time, what portion of liability they will bear for the plaintiffs' alleged damages. Their portion of liability and the extent of plaintiffs' damages, if any, will be determined subsequently.

*Conclusion*

The pending motions seeking bar orders are granted.

SO ORDERED.

Dated:          July 16, 2008

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[22] *Allstate Ins. Co.*, 2008 WL 2673333, at *1 (quoting *Local 875 I.B.T. Pension Fund v. Pollack*, 49 F.Supp.2d 130, 133 n.2 (E.D.N.Y. 1999)).